UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY LEWIS WILSON,

        Petitioner.

v.                                            CASE NO. 07-13286
                                              HONORABLE DENISE PAGE HOOD

RAYMOND BOOKER,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING THE HABEAS CORPUS PETITION WITH PREJUDICE

Petitioner Terry Lewis Wilson has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. Also pending before the Court is respondent Raymond Booker's motion to dismiss the habeas petition on the grounds that Petitioner did not include any references to specific federal constitutional guarantees and failed to set forth a coherent statement of facts entitling him to relief. The Court believes that Petitioner is attempting to raise the same claims that he presented to the state courts. However, because those claims lack merit, Respondent's motion will be granted and the habeas petition will be dismissed.

**I. BACKGROUND**

On January 12, 2006, Petitioner pleaded guilty, as charged, to possession of less than twenty-five grams of cocaine. *See* Mich. Comp. Laws § 333.7403(2)(a)(v). He also acknowledged being a habitual offender. On February 2, 2006, the trial court sentenced Petitioner to eighteen months of probation. Petitioner was fifty-three years old at the time.

Petitioner subsequently failed to report to his probation officer and failed to pay certain assessments, as directed by the trial court. On November 2, 2006, he pleaded guilty to violating the terms of probation. The trial court revoked Petitioner's probation and sentenced him to imprisonment for three to fifteen years. Petitioner sought relief from the trial court, but the court struck his requests as incoherent and incomprehensible.

In a subsequent appeal filed through counsel, Petitioner challenged his sentence and his trial attorney's performance. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Wilson*, No. 276738 (Mich. Ct. App. Apr. 20, 2007). Petitioner raised the same issues in the Michigan Supreme Court, which denied leave to appeal on July 30, 2007, because it was not persuaded to review the issues. *See People v. Wilson*, 479 Mich. 867 (2007) (table).

Petitioner filed his pending habeas corpus Petition on August 7, 2007.[1] The Petition does not include a clear statement of any grounds for relief. However, because Petitioner appears to incorporate by reference the claims that he presented to the state courts, the Court liberally construes the habeas petition to raise the same claims. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972) (explaining that the Supreme Court holds the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers); *see also Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

## II. STANDARD OF REVIEW

---

[1] Petitioner also filed a habeas corpus petition in 2006. United States District Judge Nancy G. Edmunds summarily dismissed that petition without prejudice for failure to exhaust state remedies. *See Wilson v. Warren*, No. 06-15508, 2007 WL 37756 (E.D. Mich. Jan. 4, 2007).

A habeas petitioner is entitled to the writ of habeas corpus if the state court's adjudication of his claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (Justice O'Connor's majority opinion on Part II). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

"[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id*. at 410 (emphasis in original). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409.

## III. DISCUSSION

### A. The Sentence

Petitioner alleges that his sentence was based on improperly scored sentencing guidelines and inaccurate information. He also contends that the presentence report did not include a psychological

or psychiatric report, as required by state law, and that the trial court failed to evaluate his potential for treatment.

The alleged violations of state law and misinterpretation of state sentencing guidelines are not grounds for habeas relief. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003) (citing *Travis v. Lockhart,* 925 F.2d 1095, 1097 (8th Cir.1991)). Federal courts may grant the writ of habeas corpus only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Petitioner's federal constitutional arguments allege that his sentence violated the holding in *Blakely v. Washington*, 542 U.S. 296 (2004), and the Eighth Amendment's prohibition against cruel and unusual punishment. The United States Court of Appeals for the Sixth Circuit has held that *Blakely* does not apply to Michigan's indeterminate sentencing scheme. *See Tironi v. Birkett*, 252 Fed. Appx. 724, 725 (6th Cir. 2007), *cert. denied*, __ U.S. __, 128 S. Ct. 1898 (2008).

Petitioner's Eighth Amendment claim also lacks merit.

> The Amendment proscribes "all excessive punishments, as well as cruel and unusual punishments that may or may not be excessive." *Atkins* [*v. Virginia,* 536 U.S. 304, 311, n. 7 (2002)]. The Court explained in *Atkins* . . . that the Eighth Amendment's protection against excessive or cruel and unusual punishments flows from the basic "precept of justice that punishment for [a] crime should be graduated and proportioned to [the] offense." *Weems v. United States,* 217 U.S. 349, 367, 30 S.Ct. 544, 54 L.Ed. 793 (1910).

*Kennedy v. Louisiana*, __ U.S. __, __, 128 S.Ct. 2641, 2649 (2008) (some citations omitted).

A plurality of the Supreme Court has held that the Eighth Amendment contains no proportionality guarantee. *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991). The Amendment "forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Id*. at 1001

4

(Kennedy, J., concurring).

The Supreme Court determined in *Hutto v. Davis*, 454 U.S. 370 (1982), that forty years in prison for possession and distribution of approximately nine ounces of marihuana was not cruel and unusual punishment under the Eighth Amendment. In *Rummel v. Estelle*, 445 U.S. 263 (1980), the Supreme Court held that a recidivist's life sentence did not constitute cruel and unusual punishment even though the offense was obtaining $120.75 by false pretenses, a crime punishable by at least two years, but not more than ten years in prison. More recently, the Supreme Court determined that a recidivist's sentence of fifty years to life imprisonment for two minor property offenses did not violate the gross disproportionality principle. *See Lockyer v. Andrade*, 538 U.S. 63 (2003). In light of these Supreme Court decisions and Petitioner's criminal record, which included twelve prior felony convictions and fourteen misdemeanor convictions, Petitioner's sentence of three to fifteen years is not grossly disproportionate or unconstitutional.

**B. Trial Counsel**

The second and final habeas claim alleges that Petitioner's trial attorney was constitutionally ineffective for failing to challenge the scoring of offense variables 13 and 19, and for failing to elicit facts in mitigation of the sentence. To prevail on these claims, Petitioner must show that his trial attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

### 1. Failure to Challenge the Scoring of the Guidelines

Petitioner was scored five points under offense variable 13 for a pattern of felonious criminal activity involving three or more crimes against property within a five-year period. Petitioner contends that the score of five points was incorrect because he did not have a history of three crimes

against property within a five-year period. Although Petitioner argues in favor of a score of zero for offense variable 13, he has not alleged that five fewer points for the offense variable would have made a difference in the overall sentencing guidelines. Therefore, even if his attorney's failure to object to the scoring of the guidelines amounted to deficient performance, the alleged deficiency did not prejudice him.

Petitioner was scored ten points under offense variable 19 for interference with the administration of justice. This score was justified by Petitioner's failure to provide the police with his correct name at the time of his arrest. Accordingly, defense counsel was not ineffective for failing to object to the scoring of offense variable 19.

### 2. The Alleged Failure to Argue in Mitigation of Sentence

Petitioner alleges that his attorney failed either to make an offer of proof or to elicit facts and information in mitigation of sentence. A defense attorney has a duty to perform an adequate investigation when preparing for sentencing in order to counter the State's evidence of aggravated culpability with evidence in mitigation. *Rompilla v. Beard*, 545 U.S. 374, 380-381 (2005). The question is "whether the investigation supporting counsel's decision not to introduce mitigating evidence . . . . was *itself reasonable.*" *Wiggins v. Smith,* 539 U.S. 510, 523, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (emphasis in original). A Strickland violation is established where the scope of an attorney's investigation into mitigating evidence prior to trial was "unreasonable in light of what" counsel knew about their client. *Id.* at 525, 123 S. Ct. 2527; *Jells v. Mitchell*, 538 F.3d 478, 491 (6th Cir. 2008) (footnote omitted). "Prejudice exists where the petitioner shows that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Jells*, 538 F.3d at 498 (quoting *Strickland*, 466 U.S. at 694).

6

Petitioner's attorney requested a sentence lower than the probation officer's recommended sentence. The attorney also pointed out that Petitioner turned himself in to the police. Petitioner contends that defense counsel should have made an offer of proof or elicited facts concerning his substance abuse, his diminished mental capacity at the time of the offense, his potential for rehabilitation, and other factors. The trial court, however, was familiar with the case, with Petitioner's substance abuse and criminal history, and with an unspecified tragedy in Petitioner's life. Petitioner personally informed the trial court that he had been homeless when he was arrested and that he was later released to the same situation because he was ineligible to receive treatment for his addiction due to a prior conviction for carrying a concealed weapon. Furthermore, the record does not support the contention that Petitioner may have lacked mental capacity to commit the underlying crime. Petitioner provided a factual basis for his guilty plea on the underlying crime by explaining that he had been walking down a street in Ferndale with a small pack of cocaine in his pocket. Petitioner also admitted that he knew the substance was cocaine and that it was less than twenty-five grams.

There is not a reasonable probability that, but for counsel's allegedly unprofessional errors, the result of the sentencing would have been different. Consequently, defense counsel was not ineffective for failing to investigate and present additional evidence in mitigation of sentence.

## IV. CONCLUSION

The state appellate court's conclusion that Petitioner's claims lacked merit did not result in a decision that was contrary to, or an unreasonable application of, Supreme Court precedent.

Accordingly,

IT IS ORDERED that Respondent's Motion to Dismiss **[Docket No. 12, filed Oct. 17, 2007]**

7

is **GRANTED**.

IT IS FURTHER ORDERED that the habeas Petition **[Docket No. 1, filed Aug. 7, 2007]** is **DISMISSED** with prejudice.

                                                    S/Denise Page Hood
                                                    Denise Page Hood
                                                    United States District Judge

Dated: September 30, 2008

     I hereby certify that a copy of the foregoing document was served upon counsel of record and Terry L. Wilson, Reg. No. 223376, Mound Correctional Facility, 17601 Mound Rd., Detroit, MI 48212 on September 30, 2008, by electronic and/or ordinary mail.

                                                      S/William F. Lewis
                                                     Case Manager